UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CADLES OF GRASSY MEADOWS II, LLC,

          Plaintiff,     REPORT AND
                  RECOMMENDATION

  -against-             CV 10-1673 (JS)(ETB)

JEFFREY ST. CLAIR and CATHLEEN ST. CLAIR,

          Defendants.
------------------------------------------------------------------------X

TO THE HONORABLE JOANNA SEYBERT, United States District Judge:

  Before the Court is the pro se defendants' motion to vacate the default judgment entered against them on July 14, 2010. Plaintiff opposes the defendants' motion and asserts that the default judgment was properly entered. For the following reasons, I recommend that defendants' motion be granted and that the default judgment entered against them be vacated.

FACTS

  The plaintiff, Cadles of Grassy Meadows II, LLP ("Cadles"), commenced this action on April 15, 2010 to collect on a promissory note (the "Note") executed by the pro se defendants, Jeffrey and Cathleen St. Clair (the "St. Clairs"), on June 9, 2005 in the sum of $96,000. (Am. Compl. ¶ 5.) The promissory note was allegedly initially delivered to plaintiff's predecessor-in-interest, American Mortgage Express Corp., and after multiple assignments and transfers - first, to Residential Funding Corporation and then to JP Morgan Chase Bank - the Note was ultimately assigned and transferred to the plaintiff. (Id. ¶ 6.) Defendants thereafter defaulted on the Note

and by notice dated March 29, 2010, plaintiff declared the entire outstanding principal balance, as well as interest and other charges owed under the Note, due and payable. (Id. ¶¶ 10, 12.) Plaintiff seeks damages in the amount of $114,255.36, which reflects the outstanding principal and interest owed, as well as attorney's fees and expenses. (Id. ¶ 13.)

Plaintiff filed its initial Complaint on April 15, 2010. By Memorandum and Order dated May 6, 2010, Judge Seybert found that plaintiff's Complaint failed to establish that diversity jurisdiction existed among the parties and directed plaintiff to file an Amended Complaint by May 30, 2010. On May 20, 2010, defendants filed their Answer to the initial Complaint. Plaintiff thereafter filed its Amended Complaint on May 26, 2010. Defendants failed to answer the Amended Complaint in the time prescribed by the Federal Rules of Civil Procedure and plaintiff then moved for a default judgment on July 7, 2010. The Clerk of the Court noted defendants' default on July 12, 2010 and a default judgment was issued on July 14, 2010.

Defendants now move to vacate the default judgment on the grounds that the default judgment was entered prematurely as it was issued more than two weeks before the return date on the plaintiff's motion, which was July 30, 2010.

## DISCUSSION

"Default judgments are generally disfavored as the law prefers decisions based on the merits." Kauhsen v. Aventura Motors, Inc., No. 09-4114, 2010 U.S. Dist. LEXIS 55554, at *10 (E.D.N.Y. June 7, 2010) (citing United States v. Cirami, 563 F.2d 26, 33 (2d Cir. 1977)). As the Second Circuit has stated, "a default judgment is the 'most severe sanction which the court may apply' and is 'a harsh remedy to be utilized in extreme situations." United States Small Bus.

Admin. v. Lee, No. 00 Civ. 8850, 2001 U.S. Dist. LEXIS 19359, at *3 (S.D.N.Y. Nov. 19, 2001) (quoting Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995)).  Accordingly, a default judgment may be vacated in certain circumstances, pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure.  See Kauhsen, 2010 U.S. Dist. LEXIS 55554, at *10-11.  A decision whether to vacate a default judgment is left to the sound discretion of the district court.  See id. at *11 (citing New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)).

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and may set aside a default judgment under Rule 60(b)."  Kauhsen, 2010 U.S. Dist. LEXIS 55554, at *11 (quoting Fed. R. Civ. P. 55(c)).  Under Rule 60(b), there are six subsections that may provide a party with relief from a default judgment: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; and (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

In determining whether to set aside an entry of default or a default judgment, the district court should weigh the following factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is present."  Arista Records, Inc. v. Musemeci, No. 03 CV 4465, 2007 U.S. Dist. LEXIS 81630, at *11 (E.D.N.Y. Sept. 18, 2007) (quoting Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001)) (additional quotation omitted); see also Kauhsen, 2010 U.S. Dist. LEXIS 55554, at *12 (same).  "Of these three criteria, 'willfulness is preeminent, and a willful default will not normally be set aside.'"  Arista Records, 2007 U.S. Dist. LEXIS 81630, at *12 (quoting MacEwen Petroleum, Inc. v. Tarbell, 173 F.R.D. 36, 39 (N.D.N.Y. 1997)).  The burden of

demonstrating that vacatur is justified lies with the moving party. See Arista Records, 2007 U.S. Dist. LEXIS 81630, at *12 (citing Sony Corp. v. Elm State Elec., Inc., 800 F.2d 317, 320 (2d Cir. 1986)).

    A.    Willfulness

Willfulness encompasses conduct that is "deliberate or egregious or is carried out in bad faith." Kauhsen, 2010 U.S. Dist. LEXIS 55554, at *12 (quoting Hernandez v. La Cazuela de Mari Rest., Inc., 538 F. Supp. 2d 528, 532 (E.D.N.Y. 2007)) (additional citation omitted). "A default is deemed willful where a defendant simply ignores the complaint without action," Arista Records, 2007 U.S. Dist. LEXIS 81630, at *12 (quotation omitted), and also includes "conduct that is 'not satisfactorily explained.'" Kauhsen, 2010 U.S. Dist. LEXIS 55554, at *13 (quoting SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998)). Accordingly, "where a party is notified that he is in default and he apparently makes no effort to appear pro se or to explain his situation to the court, such neglect is inexcusable." Arista Records, 2007 U.S. Dist. LEXIS 81630, at *12 (quotation omitted).

Such is not the case here. The pro se defendants answered plaintiff's initial Complaint. While it is true that they did not answer the Amended Complaint, they aver in their Affirmation in Opposition to Plaintiff's Affirmation that they "honestly and reasonably believed that since [they] filed an answer to Plaintiff's original Complaint and there were minimal procedural, not substantive changes in [plaintiff's] Amended Complaint, that [their] original Answer was still in effect." (Def. Aff. ¶ 4.) Plaintiff's counsel attempts to make much of the fact that the pro se defendant Jeffrey St. Clair is a licensed attorney and therefore should not be permitted to claim ignorance or excuse. However, the St. Clairs assert that although Jeffrey St. Clair is an attorney,

-4-

he has "little or no exposure to the Federal Court system," with the bulk of his legal practice concentrated in criminal defense and family law. (Def. Aff. ¶ 3.) Moreover, there is no allegation by plaintiff's counsel that pro se defendant Cathleen St. Clair is an attorney and therefore she is undisputedly entitled to the leniency typically afforded pro se parties. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (stating that the Court is required to afford pro se parties leniency, holding their papers to "less stringent standards than formal pleadings drafted by lawyers").

In addition, the St. Clairs did in fact take action when they were notified that plaintiff was moving for a default judgment against them. Plaintiff's motion for a default judgment was filed on July 7, 2010. The notice of motion clearly states that the return date for the motion was July 30, 2010. (Not. of Mot. for Default J.) Moreover, under Local Civil Rule 6.1(b), defendants were required to be afforded fourteen (14) days after service of plaintiff's moving papers to file "any opposing affidavits and answering memoranda of law." Loc. Civ. R. 6.1(b). However, the Court granted the motion one week after it was filed, on July 14, 2010, more than one week before defendants opposition papers were even due and more than two weeks prior to the stated return date, upon which the pro se defendants were relying.[1] The St. Clairs appeared at the courthouse on July 30, 2010 to oppose the motion for a default judgment, but were informed that it had already been granted. (Mot. to Vacate Default J. 1.)

Based on the foregoing, I find that defendants actions in failing to answer the Amended

---

[1] By letter dated July 28, 2010, the St. Clairs submitted an Answer to the Amended Complaint (two days before the return date on plaintiff's motion for a default judgment) and requested that the Court accept it and deem it timely. However, the letter and its attachments were returned to the St. Clairs by the Clerk's Office because a default judgment had already been entered.

Complaint or filing written opposition to the motion for a default judgment were not willful.

B.  Prejudice

"Delay alone does not establish prejudice." Arista Records, 2007 U.S. Dist. LEXIS 81630, at *13 (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993)); see also Kauhsen, 2010 U.S. Dist. LEXIS 55554, at *17 ("[D]elay alone is not a sufficient basis for establishing prejudice . . . Something more is needed."). To establish prejudice, plaintiff "must demonstrate 'that the delay will result in the loss of evidence, create increased difficulties for discovery, or provide greater opportunity for fraud and collusion.'" Arista Records, 2007 U.S. Dist. LEXIS 81630, at *13 (quoting Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)).

Plaintiff has failed to make any such showing here. In fact, plaintiff's counsel does not even address prejudice in his affirmation in opposition to defendants' motion to vacate. Accordingly, I do not find that plaintiff would suffer any prejudice by vacating the default judgment against the defendants.

C.  Meritorious Defense

The final factor that courts consider when deciding a motion to vacate a default judgment is whether defendants have presented a claim of a meritorious defense. In order to support such a claim, defendants "must proffer credible evidence of facts which directly relate[] . . . to the allegations [in the complaint] and raise[] a serious question as to the validity of those allegations." Kauhsen, 2010 U.S. Dist. LEXIS 55554, at *15 (quotation omitted) (alterations in original). Whether a defendant has a meritorious defense "should be construed generously." Iwachiw v. New York City Bd. of Educ., No. 00-CV-2341, 2007 U.S. Dist. LEXIS 8040, at *7 (E.D.N.Y. Feb. 5, 2007) (quoting Enron Oil Corp., 10 F.3d at 96). However, conclusory denials

are insufficient when attempting to proffer a meritorious defense.  See Arista Records, 2007 U.S. Dist. LEXIS 81630, at *14 (citing Enron Oil Corp., 10 F.3d at 98).  Rather, "[t]o set aside a default, the movant must 'support its general denials with some underlying facts.'" Arista Records, 2007 U.S. Dist. LEXIS 81630, at *14 (quoting Sony Corp., 800 F.2d at 320-21).

While the pro se defendants' proffered defenses are rather inartfully articulated, they appear to be asserting that plaintiff lacks privity to enforce the promissory note, as well as the equitable defense of laches and that the debt is an "uncollectible debt."  (Mot. to Vacate Default J. 1.)  Although there is not a plethora of facts offered to support defendants' defenses, they are not wholly conclusory either.  Moreover, without reaching the full merits of defendants' proffered defenses, the Court is unable to conclude, on the basis of the current record, that defendants' defenses are entirely without merit.  Accordingly, the Court concludes that the defenses offered "satisfy the low threshold required to demonstrate a 'meritorious defense.'" United States Small Bus. Admin., 2001 U.S. Dist. LEXIS 19359, at *5 (citing Pikulin v. City Univ. of New York, 1995 WL 444337, at *1-2 (S.D.N.Y. July 27, 1995)).  In addition, two of the three factors discussed above weigh clearly in favor of vacating the default judgment.  For that reason, I recommend that defendants' motion to vacate the default judgment be granted and that they be permitted to file an Answer to the Amended Complaint.

## RECOMMENDATION

For the foregoing reasons, I recommend that defendants' motion to vacate the default judgment entered against them on July 14, 2010 be granted and that defendants be permitted to file an Answer to the Amended Complaint.

OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).

**SO ORDERED:**

Dated:  Central Islip, New York
        October 14, 2010

                                        /s/ E. Thomas Boyle
                                        E. THOMAS BOYLE
                                        United States Magistrate Judge