```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CADLES OF GRASSY MEADOWS II, LLC,

                Plaintiff,
                                        ORDER ADOPTING REPORT
        -against-                       AND RECOMMENDATION
                                        10-CV-1673 (JS)(ETB)
JEFFREY ST. CLAIR and
CATHLEEN ST. CLAIR,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:    Steven Giordano, Esq.
                  Vlock & Associates, P.C.
                  230 Park Avenue
                  New York, NY 10169


For Defendants:   Jeffrey St. Clair, Esq.
                  Cathleen St. Clair, pro se
                  3001 Ann Street
                  Baldwin, NY 11510
```

SEYBERT, District Judge:

Magistrate E. Thomas Boyle issued a Report and Recommendation ("R&R") on October 14, 2010 recommending that the Court grant Defendants Jeffrey and Cathleen St. Clair's ("Defendants") motion to vacate the July 14, 2010 default judgment. Plaintiff Cadles of Grassy Meadows II, LLC ("Plaintiff") filed its Objections to the R&R on November 1, 2010. Over these Objections, the Court ADOPTS the R&R in its entirety.

## BACKGROUND

The Court assumes familiarity with the nature and posture of this case, the facts of which are set out in the R&R. Briefly, Plaintiff sued to collect on a promissory note on April 15, 2010. Plaintiff's Complaint failed to establish diversity jurisdiction, and this Court directed Plaintiff to file an Amended Complaint by May 30, 2010. On May 20, 2010, Defendants answered the original Complaint. Six days later, Plaintiff filed its Amended Complaint, which Defendants did not timely answer.

Plaintiff moved for a default judgment on July 7, 2010. The return date on Plaintiff's motion was July 30, 2010. This Court entered a default judgment on July 14, 2010, one week after Plaintiff's motion, in apparent contravention of the Local Civil Rule affording non-moving parties fourteen days to file an opposition. See Local Civ. R. 6.1(b).

## DISCUSSION

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). However, if a party serves and files specific, written objections to a magistrate's report and recommendation within fourteen days of

receiving the recommended disposition, see FED. R. CIV. P. 72(b), the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b). When a party raises an objection to a magistrate judge's report, "the court is required to conduct a de novo review of the contested sections." See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Barratt v. Joie, No. 96-CV-0324, 2002 U.S. Dist. LEXIS 3453, at *2 (S.D.N.Y. 2002) (citations omitted).

In the present case, Plaintiff argues that Defendants' motion to vacate should be denied because Defendants have not offered a reasonable excuse for their default or set forth a meritorious defense to the suit, and because Defendants did not strictly comply with the Eastern District's Local Rules when filing their motion.

I. <u>Vacating The Default Judgment: Whether The Default Was Willful And Whether The Defendants Can Mount A Meritorious Defense</u>

A district court may set aside a default judgment in accordance with the provisions of either Federal Rule 55(c) or 60(b). When considering whether to set aside a default

judgment, district courts should evaluate whether (1) the default was willful," (2) defendants can mount a meritorious defense; and (3) vacating the judgment would prejudice the plaintiff. Credit Lyonnais Securities (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999). Courts should exercise their discretion when examining these factors, mindful that there is a strong preference for resolving disputes on their merits and that all doubts should be resolved in favor of the party seeking relief from the judgment. Keebler v. Rath, No. 09-CV-4476, 2010 WL 4140306, at *1 (2d Cir. Oct. 22, 2010).

The Court has reviewed de novo Plaintiff's Objections to Judge Boyle's conclusions that the default was not willful and that Defendants proffered a meritorious defense. Plaintiff's Objections on these points are OVERRULED. Defendants' default was not willful; they answered the original Complaint and presumably would have answered the Amended Complaint were they not under the mistaken belief that their Answer remained in effect after Plaintiff filed its Amended Complaint. (See Deft. Reply ¶ 4.) Further, they intended to contest Plaintiff's motion for a default judgment, and they appeared at the courthouse on the return date that Plaintiff specified in its motion. (See Deft. Mot. ¶ 3.) Clearly, Defendants did not "simply ignore[] the complaint without action" such that their default should be considered willful.

4

Arista Records, Inc. v. Musemeci, No. 03-CV-4465, 2007 U.S. Dist. LEXIS 81630, at *12 (E.D.N.Y. 2007) (report and recommendation).

It is less clear that Defendants can mount a meritorious defense but, given the "low threshold required to demonstrate" such a defense, see United States Small Business Administration v. Dae Youn Lee, No. 00-CV-8850, 2001 U.S. Dist. LEXIS 19359, at *5 (S.D.N.Y. 2001), the Court finds that Defendants' allegations that Plaintiff lacks privity to enforce the promissory note and that the suit is barred by the laches doctrine are sufficient to assert a potentially meritorious defense, at least for the purposes of vacating a default judgment. (See Deft. Mot. at 1.) This conclusion is warranted in part by the strong preference for resolving disputes on their merits, see Keebler, 2010 WL 4140306, at *1 (2d Cir. Oct. 22, 2010), and by the recognition that a default judgment is "a harsh remedy to be utilized in extreme situations." United States Small Bus. Admin., 2001 U.S. Dist. LEXIS 19359, at *3. The Court acknowledges that this factor is a close call, but it finds that Defendants' assertions, when considered in light of the other two factors which tilt strongly in favor of Defendants, are enough to vacate the default judgment.[1]

---

[1] The Court finds that Plaintiff will suffer no prejudice if the default judgment is vacated. Plaintiff did not even address

5

II. Defendants' Procedural Shortcomings Are Not Fatal

Plaintiff also argues that the default judgment should not be vacated because Defendants did not comply with Local Civil Rule 6.1(b), which required Defendants to serve Plaintiff with a notice of motion and affidavits or memoranda of law in support. (See Pl. Obj. at 11.) In the interest of justice, the Court declines to reject Defendants' motion to vacate solely for noncompliance with the Local Rules. See Seewald v. IIS Intelligent Information Systems, Ltd., Nos. 93-CV-4252, 95-CV-0824, 94-CV-3603, 1996 WL 612497, at *4 (E.D.N.Y. 1996) (reaching merits of issue notwithstanding party's noncompliance with Local Rule requiring a memorandum of law). Further, the Court notes the irony that Plaintiff relies on strict adherence to the Local Rules in arguing to uphold a default judgment that, according to Local Civil Rule 6.1(b), was entered prematurely.

III. Plaintiff's Remaining Objections

The remainder of the Objections consists of generalized, conclusory arguments or mere reiterations of Plaintiff's original contentions, including repeated allegations that Defendant Jeffrey St. Clair misrepresented his status as an attorney to the Court. (See Pl. Obj. at 1, 4.) The Court has reviewed the R&R for clear error on these points and finds none.

---

prejudice in either its Opposition to Defendants' Motion to Vacate or in its Objections.

See Barratt, 2002 U.S. Dist. LEXIS 3453, at *2-3 (citations omitted).

## CONCLUSION

For the foregoing reasons, Plaintiff's Objections are OVERRULED and the R&R is ADOPTED in its entirety. Defendants' Answer to the Amended Complaint (Docket Entry 21), which was filed while Plaintiff's Objections were pending with this Court is DEEMED TIMLEY FILED.

The Clerk of the Court is directed to re-open this case, vacate the default judgment, and mail Defendants a copy of this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December 15 , 2010
        Central Islip, New York