```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CADLES OF GRASSY MEADOWS II, L.L.C.,

                    Plaintiff,

          -against-                      MEMORANDUM & ORDER
                                         10-CV-1673(JS)(ETB)
JEFFREY ST. CLAIR and
CATHLEEN ST. CLAIR,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:    Steven Giordano, Esq.
                  Vlock & Associates, P.C.
                  230 Park Avenue
                  New York, New York 10169

For Defendants:   Jeffrey St. Clair, Esq.*
                  Cathleen St. Clair, pro se
                  3001 Ann Street
                  Baldwin, New York 11510
                  *representing himself
```

SEYBERT, District Judge:

Plaintiff Cadles of Grassy Meadows II, LLC ("Plaintiff") sued Defendants Cathleen and Jeffrey St. Clair (collectively, "Defendants") to recover on a promissory note. Pending before the Court is Plaintiff's motion for summary judgment. (Docket Entry 29). For the following reasons, this motion is GRANTED.

## BACKGROUND

The following facts are taken from Plaintiff's Local Rule 56.1 Statement ("Pl. 56.1 Stmt."). As discussed below, the Court deems Plaintiff's facts admitted.

Plaintiff is a limited liability company organized under West Virginia law with its principal place of business in Ohio. (Pl. 56.1 Stmt. ¶ 1.) Defendants reside in Baldwin, New York. (Id. ¶ 2.)

Defendants executed a promissory note ("the Note") for a second mortgage on their property located in Baldwin, New York in the amount of $96,000. (Id. ¶ 5; Pl. Ex. A.) The Note was initially executed and delivered to the American Mortgage Express Corporation. (Pl. 56.1 Stmt. ¶ 5.) It was assigned to Residential Funding Corporation, then to JP Morgan Chase Bank, and finally to Plaintiff. (Id. ¶ 6; Pl. Ex. A.) The Note required Plaintiffs to pay $721.22 on the first of each month. (Id. ¶ 7; Pl. Ex. A.) Plaintiff also agreed to pay 8.25 percent annual interest. (Pl. 56.1 Stmt. ¶ 7; Pl. Ex. A.) The Note provides that, in the event a default, Plaintiff would be entitled to accelerate Defendants' outstanding balance and to collect the amount of attorneys' fees that Plaintiff reasonably incurred in recovering on the Note. (Pl. Ex. A.)

Defendants defaulted on the Note (Pl. 56.1 Stmt. ¶ 10), and Plaintiff accelerated the outstanding balance (id. ¶¶ 9, 13). As of March 30, 2011, Defendants owed $94,218.27 and $27,831.68 in interest. (Stacey Johnson Aff. ¶ 13.)

DISCUSSION

On January 28, 2011, Plaintiff filed its statement of undisputed facts pursuant to Local Civil Rule 56.1. (Docket Entry 24.) Defendants filed their Rule 56.1 Counter-Statement on March 21, 2011. (Docket Entry 27.) Plaintiff then filed its motion for summary judgment. The Court will discuss the law governing Local Civil Rule 56.1 Statements and then consider the substance of Plaintiff's motion.

I. Plaintiff's Rule 56.1 Statement

Local Rule 56.1 requires that a party moving for summary judgment "submit a statement of the allegedly undisputed facts on which the moving party relies," as well as citations "to the admissible evidence of record supporting each such fact." Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) (citing LOCAL CIV. R. 56.1 (a), (d)). The purpose of Local Civil Rule 56.1 is "to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." Gallo v. Alitalia-Linee Aeree Italiane-Societa per Azioni, 585 F. Supp. 2d 520, 529 (S.D.N.Y. 2008) (citing Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 292 (2d Cir. 2000)).

Local Civil Rule 56.1 provides that where a nonmoving party wishes to contest the assertions in the movant's 56.1

statement, he must "respond to each of the statement's paragraphs and include, if necessary, a statement of additional material facts that demonstrate a genuine issue for trial." LOCAL CIV. R. 56.1(b). In order for a counter-statement "to serve its purpose, it must respond appropriately to the movant's statement . . . and must cite admissible evidence in support of the non-movant's contention[s] . . . ." Gallimore-Wright v. Long Island R. Co., 354 F. Supp. 2d 478, 482. (S.D.N.Y. 2005) (internal citations omitted); see In re Rezulin Prods. Liab. Litig., 390 F. Supp. 2d 319, 322, n.5 (S.D.N.Y. 2005) ("[M]erely because one party denies a properly-supported assertion in the other's Local Rule 56.1 Statement does not create an issue of fact if the cited evidence reveals no genuine factual dispute."); see also Dusanenko v. Maloney, 726 F.2d 82, 84 (2d Cir. 1984). Thus, generally, a party's failure either to respond or contest facts set forth in a movant's Local Civil Rule 56.1 statement constitutes an admission of those facts, which will be accepted as being undisputed. Giannullo, 322 F.3d at 140.

The foregoing is only true to the extent that the moving party has supported its assertions of undisputed facts with record evidence. LeSalle Bank Nat'l Ass'n v. Merrill Lynch Mortg. Lending, Inc., No. 04-CV-5452, 2007 WL 2324052, at *6 (S.D.N.Y. Aug. 13, 2007) ("Assertions in Local Rule 56.1

4

statements must be disregarded to the extent they are unsupported in the record.") (citing Giannullo v. City of N.Y., 322 F.3d 139, 140 (2d Cir. 2001)); see Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 (2d Cir. 2001) ("[A] Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record.").

The Court has examined Plaintiff's Rule 56.1 Statement and Defendant's Rule 56.1 Counter-Statement. To the extent relevant, Plaintiff's facts are supported by admissible record evidence and are not meaningfully disputed by anything contained in Defendant's Counter-Statement. Accordingly, the Court treats Plaintiff's facts as undisputed.

II. Standard of Review

Summary judgment is only appropriate where the moving party can demonstrate that there is "no genuine dispute as to any material fact" and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering this question, the Court considers "the pleadings, depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265, 273 (1986); McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997); see also

FED. R. CIV. P. 56(c). "In assessing the record to determine whether there is a genuine issue to be tried . . . the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134. The burden of proving that there is no genuine issue of material fact rests with the moving party. Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994) (citing Heyman v. Com. & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975)). Once that burden is met, the non-moving party must "come forward with specific facts," LaBounty v. Coughlin, 137 F.3d 68, 73 (2d Cir. 1998), to demonstrate that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson v. Liberty Lobby, 477 U.S. 242, 257, 106 S. Ct. 2505, 2514-15, 91 L. Ed. 2d 202, 218 (1986). "Mere conclusory allegations or denials will not suffice." Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). And "unsupported allegations do not create a material issue of fact." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

III. Application

For the following reasons, Plaintiff is entitled to summary judgment. Summary judgment is appropriate in an action on a promissory note where "there is no material question concerning execution and default of the note." Cohan v.

Movtady, 751 F. Supp. 2d 436, 439 (E.D.N.Y. 2010) (quoting Merrill Lynch Commercial Fin. Corp. v. All State Envelopes Ltd., No. 09-CV-0785, 2010 WL 1177451, at *2 (E.D.N.Y. Mar. 24, 2010) (internal citations omitted)). In order to establish a prima face case of default, a plaintiff "must provide proof of the valid note and of defendant's failure, despite proper demand, to make payment." Lehman Bros. Holdings Inc. v. Walji, No. 09-CV-1995, 2011 WL 1842838, at *3 (S.D.N.Y. May 11, 2011). Further, "[o]nce a prima facie case has been established, the plaintiff is entitled to summary judgment unless the defendant can assert defenses that would raise a genuine issue of material fact." Valley Nat'l Bank v. Greenwich Ins. Co., 254 F. Supp. 2d 448, 454 (S.D.N.Y. 2003).

Plaintiff has met its initial summary judgment burden. Defendants executed and delivered the Note to Plaintiff's predecessor-in-interest, American Mortgage Express Corporation on June 5, 2005. (See Pl. Ex. A.) Defendants' signatures appear on the executed Note. (See id.) Defendants failed to make the required monthly payments, and Plaintiff sent Defendants a demand for payment on March 29, 2010. (See Johnson Aff. ¶ 8; Pl. Ex. B.) Notwithstanding this demand, Defendants did not make any additional payments. (Johnson Aff. ¶ 8.)

Defendants' defenses do not raise a genuine issue of material fact. In Rule 56.1 Counter-Statement,[1] Defendants argue that (1) the Court does not have subject matter jurisdiction over this case; (2) Plaintiff failed to join a necessary party; and (3) the document attached to Plaintiff's Amended Complaint is not the Note that Defendants signed. These defenses are not meritorious.

The Court has subject matter jurisdiction over this case by virtue of the parties' diversity of citizenship. See 28 U.S.C. § 1332. Plaintiff is a West Virginia limited liability company. (Pl. 56.1 Stmt. ¶ 1.) Its principal place of business is in Ohio and its sole member resides in Ohio. (Am. Compl. ¶ 1.) Defendants, on the other hand, reside in Baldwin, New York, and the amount in controversy, $114,255.36, exceeds the $75,000 threshold.

Defendants' necessary party defense is also unavailing. GMAC is not a necessary party simply because it holds the primary mortgage on the property that secures the Note. (See Def. 56.1 Stmt. ¶ 2.) A party is required where (a) "in that person's absence, the court cannot accord complete relief among existing parties"; or (b) "that person claims an interest relating to the subject of the action and is so

---

[1] Defendants' opposition to summary judgment referred the Court back to their Rule 56.1 Counter-Statement. (Docket Entry 31 ¶ 2.)

situated that disposing of the action in the person's absence may: (i) "as a practical matter impair or impede the person's ability to protect the interest"; or (ii) "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." FED. R. CIV. P. 19(a); see also ConnTech Dev. Co v. Univ. of Conn. Educ. Prosp., 102 F.3d 677, 681-82 (2d Cir. 1996). GMAC is not a required party here. The Court can provide complete relief without GMAC's being joined because GMAC is not a party to the Note and cannot assert an interest in the subject matter of the action--i.e., Plaintiff's contractual right to recover on the Note. See id. at 682 ("A nonparty to a commercial contract ordinarily is not a necessary party to an adjudication of rights under that contract."). The Court notes that, in this action, Plaintiff is not seeking to foreclose on the property securing the Note.

Defendants' argument that Plaintiff attached the wrong Note to its Amended Complaint also does not raise a genuine issue of fact. Although the document attached to the Amended Complaint omits paragraph five,[2] the Note attached to Plaintiff's Rule 56.1 Statement is complete and contains both Defendants' signatures, which Defendants do not contest.

---

[2] Paragraph five states that the Note is secured by a mortgage. (Pl. Ex. A.)

9

IV. <u>Damages and Costs</u>

As of March 30, 2011, Defendants' outstanding principal balance was $94,218.27 and the unpaid interest was $27,831.68. Plaintiff is entitled to 8.25 percent annual interest on the outstanding principal, which comes to $21.30 per day. Thus, Plaintiff is entitled to $94,218.27 plus $27,831.68 in interest through March 30, 2011 plus an additional $21.30 per day from March 30, 2011 through the date of judgment. Plaintiff is also entitled to its reasonable costs and attorneys' fees.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion (Docket Entry 29) is GRANTED. Within thirty (30) days, Plaintiff shall file an accounting of its reasonable costs and attorneys' fees, which to the extent appropriate will be added to the total recovery amount before the Clerk of the Court enters the judgment.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: March  15 , 2012
       Central Islip, New York