FILED
CLERK
12/18/2012 12:14 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CADLES OF GRASSY MEADOWS II, L.L.C.,

                        Plaintiff,          MEMORANDUM & ORDER
                                            10-CV-1673(JS)(ETB)
        -against-

JEFFREY ST. CLAIR and
CATHLEEN ST. CLAIR,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Steven Giordano, Esq.
                    Vlock & Associates, P.C.
                    230 Park Avenue
                    New York, New York 10169

For Defendants:     Jeffrey St. Clair, Esq. & Pro Se
                    Cathleen St. Clair, Pro Se
                    3001 Ann Street
                    Baldwin, New York 11510
```

SEYBERT, District Judge:

Plaintiff, Cadles of Grassy Meadows II, L.L.C. ("Plaintiff") sued Defendants, Cathleen and Jeffrey St. Clair (collectively, "Defendants"), to recover on a promissory note executed by Defendants on June 9, 2005 in the sum of $96,000. (Am. Compl. ¶ 5.) Presently pending before the Court is Plaintiff's motion to recover reasonable attorney's fees. For the following reasons, this motion is GRANTED IN PART.

## BACKGROUND

Plaintiff filed its Original Complaint on April 15, 2010. (Docket Entry 1.) By Memorandum and Order dated May 6,

2010, the Court found that Plaintiff's Original Complaint failed to establish that diversity jurisdiction existed among the parties and directed Plaintiff to file an Amended Complaint by May 30, 2010. (Docket Entry 4.) On May 20, 2010 Defendants filed their Answer to the Original Complaint. (Docket Entry 5.) Plaintiff thereafter filed its Amended Complaint on May 26, 2010. (Docket Entry 6.) Defendants failed to answer the Amended Complaint in the time prescribed by the Federal Rules of Civil Procedure and Plaintiff moved for a default judgment on July 7, 2010. (Docket Entry 7.) The Clerk of the Court noted Defendants' default on July 12, 2010, and default judgment was issued on July 14, 2010. (Docket Entries 8, 9.)

Defendants subsequently filed a Motion to Vacate the default judgment on the ground that the default judgment was entered prematurely, as it was issued more than two weeks before Plaintiff's motion was due on July 30, 2010. (Docket Entry 11.) Thereafter, on August 16, 2010 Plaintiff's attorney filed an Affirmation in Opposition to Defendants Motion to Vacate the Default Judgment. (Docket Entry 12.) Magistrate E. Thomas Boyle issued a Report and Recommendation ("R&R") on October 14, 2010 recommending that the Court grant Defendants' motion to vacate the July 14, 2010 default judgment. (Docket Entry 18.) On November 2, 2010, Plaintiff's attorney filed a Memorandum of Law Objecting to the R&R. (Docket Entry 20.) By Order dated

December 15, 2010, the Court adopted Magistrate Boyle's R&R and vacated the default judgment. (Docket Entry 22.)

Thereafter, on April 4, 2011, Plaintiff filed a motion for summary judgment. (Docket Entry 29.) Additionally, Plaintiff requested that the Court, upon issuing an order granting summary judgment, allow Plaintiff to recover attorneys' fees incurred. (Docket Entry 29.) On March 16, 2012, the Court granted Plaintiff's motion for summary judgment. (Docket Entry 34.) The Court further ordered Plaintiff to file an accounting of its reasonable costs and attorneys' fees to be added to the total recovery amount before the Clerk of the Court entered the judgment. (Docket Entry 34.)

Pursuant to the Court's Order, Plaintiff submitted an affirmation of reasonable costs and attorneys' fees to the Court on March 30, 2012. (Docket Entry 36.) Plaintiff is and has been represented in the instant matter by Vlock & Associates, P.C., a litigation law firm located at 280 Madison Avenue, New York, New York. (Giordano Affirm. ¶ 3.) The case is under the control of Steven Giordano, Esq., an associate of the firm who has practiced civil litigation for approximately ten years. (Giordano Affirm. ¶ 2.) Furthermore, Stephen Vlock, Esq., the principle member of the firm who has practiced law in New York for over twenty years, directly supervised the instant matter. (Giordano Affirm. ¶ 3.) The regular fee for litigation

performed by Vlock & Associates, P.C., is $425.00 per hour. (Giordano Affirm. ¶ 10.) However, in the instant matter, the fee charged by Vlock and Associates, P.C., for the litigation was a discounted rate of $190 per hour. (Giordano Affirm. ¶ 10.) Plaintiff requests that the Court determine $14,283.50 to be reasonable costs and attorneys' fees and that the said amount be added to the total recovery amount before the Clerk of the Court enters judgment. (Giordano Affirm. ¶ 13.)

## DISCUSSION

An award of attorneys' fees and costs is appropriate here. (Docket Entry 34.) The relevant inquiry, however, is the reasonable amount of fees to award. See Olympus Imaging Am. Inc. v. Reifschneider, S.A., No. 10-CV-4516, 2011 WL 2490596, at *2 (E.D.N.Y. June 22, 2011). In making this determination, the Second Circuit utilizes a "presumptively reasonable fee" standard. Carco Grp., Inc. v. Maconachy, No. 05-CV-6038, 2011 WL 6012426, at *2 (E.D.N.Y. Dec. 1, 2011). Essentially, this standard "boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Id. (quoting Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009)).

The proper determination of a presumptively reasonable fee involves examination into a reasonable hourly rate for the

4

attorney's work, taking into consideration case-specific factors, and then multiplying that rate by the number of reasonable hours expended. See id. There are a number of case-specific factors including, for example, the difficulty of the case and the level of legal skill required, counsel's usual rate, and counsel's experience and reputation, id. at *2, n.4, based upon "prevailing market rates" in the community, Flegal v. First Source Advantage, LLC, No. 10-CV-771A, 2011 WL 1793171, at *2 (W.D.N.Y. May 9, 2011).

In the Eastern District of New York, courts have determined reasonable hourly rates to be "approximately $300-450 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates." Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 298-99 (E.D.N.Y. 2012) (quoting Piltz v. Inc. Villiage of Freeport, No. 07-CV-4078, 2011 WL 5825138, at *4 (E.D.N.Y. Nov. 17 2011) (internal quotation marks omitted); see Builders Bank v. Rockaway Equities, LLC, No. 08-CV-3575, 2011 WL 4458851, at *8 (E.D.N.Y. Sept. 23, 2011) ("The range in this district is between $300 and $450 for partners, between $200 and $300 for senior associates and between $100 and $200 for junior associates."); Olsen v. Cnty. of Nassau, No. 05-CV-3623, 2010 WL 376642, at *4 (E.D.N.Y. Jan. 26, 2010) (determining reasonable hourly rates to be $375–$400 for partners, $200–$250 for senior associates and $100–$175

5

for junior associates); Gutman v. Klein, No. 03-CV-1570, 2009 WL 3296072, at *2 (E.D.N.Y. Oct. 9, 2009) (approving rates of $300-$400 for partners, $200-$300 for senior associates and $100-$200 for junior associates).  In addition, the court may adjust the number of hours billed based on what it believes to have been reasonably expended.  See Konits v. Karahalis, 409 F. App'x 418, 420-21 (2d Cir. 2011); Firststorm Partners 2, LLC v. Vassel, No. 10-CV-2356, 2012 WL 3536979, at *5 (E.D.N.Y. Aug. 15, 2012).

In the instant matter, Plaintiff requests that $14,283.50 be determined reasonable, and thus added to the total recovery amount.  (Giordano Affirm. ¶ 13.)  In support of the request for attorney's fees, Plaintiff's counsel, Steven Giordano, submitted an Affirmation in which he set forth his professional background and hourly rate.  (Giordano Affirm. ¶¶ 1-3.)  Mr. Giordano, who has practiced in the area of civil litigation for approximately ten years, handled all aspects of Plaintiff's case under the direct supervision of Mr. Vlock, a partner of the firm and practicing attorney in New York State and Federal Courts for over twenty years.  (Giordano Affirm. ¶¶ 2,3.)  In litigating the instant matter, Mr. Giordano engaged in research, participated in conferences, and completed document review and preparation, specifically drafting and filing the Summons and Complaint, Motion for Default Judgment, Affirmation in Opposition to Defendants' Motion to Vacate the Judgment, and

Memorandum of Law Objecting to the R&R. (Giordano Affirm. ¶ 1-11.) Based upon this information, the Court finds counsel's hourly rate of $190 to be reasonable.

However, the attorney's fees resulting from time spent by counsel in preparation of the Memorandum of Law Objecting to Magistrate Judge Boyle's R&R to vacate the default judgment are unreasonable. On July 14, 2010 default judgment was entered against Defendants. Defendants subsequently moved to vacate the default judgment. Thereafter, Plaintiff's attorney filed an Affirmation in Opposition to Defendants' Motion to Vacate the Default Judgment arguing that the Court should deny Defendants' motion because Defendants failed to offer a reasonable excuse for their default or set forth a meritorious defense to the suit, and because they intentionally attempted to mislead the Court and failed to comply with the Eastern District's Local Rules. (Pl. Aff. at ¶ 4-6.)

On October 14, 2010, Magistrate Judge Boyle issued an R&R recommending that Defendants' motion to vacate the default judgment entered against them on July 14, 2010 be granted and that Defendants be permitted to file an answer to the Amended Complaint. (R&R at 7.) In the R&R Judge Boyle dismissed Plaintiff's contentions that Jeffrey St. Clair attempted to mislead the Court by failing to reveal that he is an attorney in an effort to gain leniency. (R&R at 4.) The R&R also noted

that Defendants' failure to answer the Amended Complaint was not willful, as they mistakenly assumed their original Answer was still in effect. (R&R at 4.) The R&R further noted that the St. Clairs did in fact take action when they were notified that Plaintiff was moving for a default judgment and indicated that the Court granted the default judgment on July 14, 2010, one week after Plaintiff's motion, in apparent contravention of the Local Civil Rule affording non-moving parties fourteen days to file an opposition. See Local Civ. R. 6.1(b). Finally, the R&R concluded that the meritorious defense offered by Defendants satisfied the low threshold required. (R&R at 7.)

Despite the findings in the R&R, Plaintiff's attorney filed its Objections to the R&R essentially reiterating the same arguments asserted earlier in its Affirmation in Opposition to Defendants Motion to Vacate, including repeated allegations that Defendant Jeffrey St. Clair misrepresented his status as an attorney to the Court. (See Pl. Obj. at 1, 4.) Accordingly, the Court overruled Plaintiff's Objections and adopted the R&R in its entirety. (Docket Entry 22.)

After a review the record, and particularly Plaintiff's Affirmation in Opposition to Defendants' Motion to Vacate the Default Judgment, the Court finds Plaintiff's objections to the R&R to be redundant and unnecessary. Therefore, the time allocated to objecting to Judge Boyle's R&R

8

(approximately 6.5 hours) will be deducted from the amount of attorney's fees awarded.

Aside from time expended in objecting to the R&R, the Court finds that all other hours expended by counsel in bringing this case to resolution are reasonable. Accordingly, $1,235 shall be deducted from Plaintiff's request resulting in an award of $13,048 in reasonable attorneys' fees to be added to the total amount of recovery.

## CONCLUSION

As of March, 30, 2011, Defendants' outstanding principal balance was $94,218.27 and the unpaid interest was $27,831.68. Plaintiff is entitled to 8.25 percent annual interest on the outstanding principal, which comes to $21.30 per day. Thus, Plaintiff is entitled to $94,218.27 plus $27,831.68 in interest through March 30, 2011 plus an additional $21.30 per day from March 30, 2011 through the date of judgment, plus reasonable attorneys' fees in the amount of $13,048.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   December 18, 2012
         Central Islip, New York